In the Matter of the Claim of ALBERT A. GOMBAR, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— REYNOLDS, J. Appeal from a decision of the Unemployment Insurance Appeal Board holding claimant ineligible to receive benefits on the ground that he did not file a valid original claim in that he lacked entitlement to benefits since he was a former State employee receiving a retirement allowance. Appellant, having retired from State employment, and being eligible for benefits under article 2 of the Retirement and Social Security Law, was precluded here pursuant to subdivision 5 of section 590 of the Labor Law from receiving unemployment insurance benefits (*Matter of Becker [Catherwood],* 27 A D 2d 594; *Matter of*

*Riley [Catherwood]*, 24 A D 2d 1040; *Matter of McArdle [Corsi]*, 274 App. Div. 959). Section 600 of the Labor Law does not as urged by appellant mandate a different result. Since subdivision 5 of section 590 absolutely prohibits a former State employee receiving a State pension from becoming eligible for any benefits on the basis of his State employment, section 600 (which provides for the reduction in benefits of a claimant who is retired from employment and, due to such retirement, is receiving a pension under a plan financed in whole or in part by his employer) is not applicable at all to the instant case. Moreover, not only is there nothing contained in section 600 which would indicate that the Legislature intended it to affect the absolute prohibition of subdivision 5 of section 590 (see McKinney's Cons. Laws of N. Y., Book 1, Statutes, § 126), but the title to section 600 when enacted reads, " An Act to amend the labor law, in relation to the effect on benefits of receipt of *private* pension benefits under the unemployment insurance law ". (Emphasis added; L. 1963, ch. 793.) Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Greenblott, JJ., concur in memorandum by Reynolds, J.