■ In the Matter of the Claim of HAROLD PELLISH, Appellant. PHILIP

Ross, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 6, 1979, which affirmed the decision of an Administrative Law Judge sustaining the initial determination of the Industrial Commissioner reducing claimant's benefit rate to zero, pursuant to section 600 of the Labor Law. Claimant began to receive a monthly State pension in excess of $1,100 upon his voluntary retirement from service with the Department of Audit and Control in 1975. Following a two-year period of self-employment, he was briefly engaged as a researcher by the Assembly of the State of New York, and he filed a claim for unemployment insurance benefits in June of 1978 when that position came to an end under nondisqualifying conditions. All contributions to his pension had been made by the State, but claimant gained no additional retirement credit or allowance based on his subsequent legislative work. The primary issue on this appeal is whether section 600 of the Labor Law was correctly applied to these uncontested facts in reducing his benefit rate to zero. We conclude that it was and affirm the board's decision. That section generally provides "If a claimant retires or is retired from employment by an employer and, due to such retirement, is receiving a pension or retirement payment under a plan financed in whole or in part by such employer, such claimant's benefit rate * * * shall be reduced as hereinafter provided" (Labor Law, § 600, subd 1). Since the term "employer" has long been defined to include the State of New York (Labor Law, § 512), a literal reading of section 600 would plainly mandate that a State pensioner's unemployment benefits be reduced in appropriate circumstances. We discern no reason to depart from this interpretation simply because, as claimant argues, the measure was adopted as "An act to amend the labor law in relation to the effect on benefits of receipt of *private* pension benefits" (L 1963, ch 793; emphasis added), for at that time, a separate provision was already in existence which effectively made State retirees ineligible to receive any benefits whatever (see former Labor Law, § 590, subd 5, as amd by L 1959, ch 361, § 1). Thus, when we later determined that section 600 had no application to the claim of a former State employee *(Matter of Gombar [Catherwood],* 31 AD2d 1000), our opinion mentioning its private sector impact was intended to emphasize the absolute nature of the prohibition then contained in subdivision 5 of section 590 of the Labor Law. The decision did not hold or imply that *only* private retirees were subject to the reduction feature of section 600; just that State retirees could not rely on it to alleviate their status as being completely ineligible. Consequently, when that absolute barrier was subsequently repealed (L 1977, ch 675, § 15, eff Jan. 1, 1978), neither decisional authority nor logic would suggest that the legislative intent was to place former State employees in a more advantageous position than their counterparts retired from private employment. To the contrary, inasmuch as the term "employer" had always embraced the State, it was undoubtedly the legislative design to place them on the same footing. It would be manifestly improper to assume that State pensioners were to suddenly advance from receiving no benefits to a windfall position in which they would be subject to no reduction. Claimant's alternative contention that no reduction should occur because "the employer contributed less than fifty per centum to the [pension or retirement] plan" (Labor Law, § 600, subd 3) is equally without merit. He did not establish the financial accuracy of that proposition to the board and, in any event, it does not appear that his situation materially differs from the arguments we rejected in *Matter of Tinsley (Blue Cross of Cent. N. Y.—Levine)* (50 AD2d 961). Finally, since any benefits payable to him would be chargeable to the

State, his employment by the Assembly cannot be regarded as new employment beyond the reach of the statute (cf. Labor Law, § 600, subds 2, 4). Decision affirmed, without costs. Kane, J. P., Staley, Jr., Mikoll, Casey and Herlihy, JJ., concur.